[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION AS TO MOTION TO OPEN JUDGMENT FOR FRAUD
The Defendants Raymond Chylinski and Sandra CT Page 3391 Chylinski, by their motion dated March 5, 1992, request the court to open the Judgment of Strict Foreclosure entered by the Court, O'Connell, J., on May 21, 1991.
The grounds claimed by the Defendants are fraud on the part of counsel for the mortgagee bank.
This is the second motion to open the Judgment made by the Defendants.
See Denial of Motion by O'Connell, J. dated September 26, 1991.
The motion was heard on April 7, 1992 at length.
Counsel for the foreclosing bank was present as were the Defendants.
The Defendants offered 14 exhibits to which the bank's counsel made no objection. The Court has reviewed all the exhibits and has examined the entire voluminous file with care.
The Court's file contains certified copies of all relevant documents as to the land records from the East Hampton Town Clerk, including:
1. Lease agreement between Swistak-Wood Builders and Chylinski dated November 15, 1988 with purchase option recorded June 7, 1989.
2. Open end construction mortgage Swistak-Wood Inc. to Chester Bank in the face amount of $180,000.00 dated December 22, 1988, recorded December 23, 1988.
3. Bond for Deed between Swistak Wood and Chylinski dated September 7, 1989 and recorded September 15, 1989.
Throughout most of the proceedings the Defendants were represented by counsel but are presently pro se. CT Page 3392
The Defendants herein initiated a separate suit against Swistak-Wood, Inc. and its principals in four counts predicated on a variety of wrongful acts by the builder and according to the testimony on April 7, 1992 recovered judgment against said Defendants and has reduced attachments to judgment liens on certain parcels of real, estate not involved in these proceedings.
It appears that the foreclosing bank has a valid first mortgage and has adhered to all statutory and procedural requirements in the foreclosure proceeding.
Liability for Fraud
The elements of a claim for fraud are:
 1. a false representation was made as a statement of fact.
 2. the statement was untrue and known to be so by its maker.
 3. the statement was made with the intent of inducing reliance thereon, and
 4. the other party relied on the statement to his detriment. Billington v. Billington, 220 Conn. 212, 217 (1991).
In addition:
It is well established that common law fraud must be proven by a higher standard than a fair preponderance of the evidence. This middle tier standard has been described as "clear and satisfactory evidence" and as "clear, precise and unequivocal evidence".
Kilduff v. Adams, Inc., 219 Conn. 314, 327-28
(1991).
The Defendants have not established nor have they met their burden as to a claim of fraud on the part of the bank's counsel.
In fact, according to testimony on April 7, 1992 the bank's counsel helped the Defendants in seeking relief against the parties actually responsible for their dilemma.
The motion to open the judgment on the claim of CT Page 3393 fraud is denied.
AUSTIN, JUDGE